United States District Court
Southern District of Texas
**ENTERED**
August 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-18-4425 |
| WILLIAM MARTIN, Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Strike Affirmative Defenses ("Motion") [Doc. # 24] filed by Plaintiff Malibu Media, LLC. By Order [Doc. # 25] entered July 5, 2019, the Court directed Defendant William Martin, *pro se*, to file any opposition to the Motion by July 24, 2019. Defendant neither filed an opposition to the Motion nor requested additional time to respond. Having reviewed the record and the applicable legal authorities, the Court **grants** the unopposed Motion.

## I. BACKGROUND

Plaintiff alleges that Defendant used the BitTorrent file distribution network to infringe Plaintiff's copyrights. In response to the Complaint, Defendant filed an Answer and asserted nine affirmative defenses: (1) unclean hands; (2) implied license; (3) one satisfaction rule; (4) laches; (5) failure to mitigate damages; (6) failure to state

a claim; (7) unconstitutionally excessive damages; (8) waiver; and (9) estoppel. *See* Original Answer and Affirmative Defenses [Doc. # 21], pp. 4-11.

Plaintiff filed its Motion, asking the Court to strike the affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Although the Court issued an order directing him to do so, Defendant failed to file any opposition to the Motion. Plaintiff's Motion to Strike Affirmative Defenses is now ripe for decision.

## II. STANDARD FOR MOTION TO STRIKE

Rule 12(f) authorizes a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A plaintiff who desires "early resolution of an affirmative defense may seek to strike it under Federal Rule of Civil Procedure 12(f)." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660-61 (5th Cir. 2016). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "Whether to grant or deny a motion to strike is in the trial court's discretion." *Fernandes v. VMOC LLC*, 2018 WL 4901033, *1 (S.D. Tex. Oct. 9, 2018) (citing *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979)).

## III. ANALYSIS

### A. Unclean Hands

The affirmative defense of unclean hands does not apply where the plaintiff's alleged misconduct "is not directly related to the merits of the controversy between the parties, but only where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *See Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). "The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct." *Id*. (citing *Lawler v. Gillam*, 569 F.2d 1283, 1294 (4th Cir. 1978)). The affirmative defense of unclean hands "does not purport to search out or deal with the general moral attributes or standing of a litigant." *Id*. (quoting *NLRB v. Fickett-Brown Mfg. Co.*, 140 F.2d 883, 884 (5th Cir. 1944)).

In this case, Defendant alleges that Plaintiff has failed to comply with various federal, state and local laws. There is no allegation that this alleged failure has changed the equitable relationship between Plaintiff and Defendant, or that the alleged misconduct has personally injured Defendant. Therefore, absent any opposition from Defendant, the Court strikes the unclean hands affirmative defense.

**B. Implied License**

An implied nonexclusive license can be created when "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 879 (5th Cir. 1997) (quoting *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir.1996)). There is no allegation that Defendant requested that Plaintiff create the copyrighted work at issue, or that Plaintiff intended for Defendant to copy and distribute its work. As a result, the Court strikes the second affirmative defense.

**C. One Satisfaction Rule**

Defendant asserts that Plaintiff cannot recover statutory damages in this case to the extent that it has recovered statutory damages in other cases for the same copyrighted work. The "one satisfaction rule" requires a prevailing party "to elect between the alternative claims for purposes of recovery." *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016); *5G Studio Collaborative, LLC v. Dallas Uptown Hosp., LLC*, 2017 WL 4750697, *1 (N.D. Tex. Oct. 20, 2017). Under federal copyright law, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory

damages for all infringements involved in the action . . ..” 17 U.S.C. § 504(c). In this case, Plaintiff is required to elect between actual damages and statutory damages only for all infringements ***involved in this lawsuit***. *See id.* Any alleged recovery based on infringements involved in other actions is irrelevant. Therefore, the Court grants the Motion and strikes the third affirmative defense.

**E. Laches**

Defendant states that Plaintiff had actual knowledge of copyright infringement and waited almost one year before “making any effort to curtail the alleged infringements.” *See* Original Answer and Affirmative Defenses, p. 9. The statute of limitations for a copyright infringement claim is three years. *See* 17 U.S.C. § 507(b) (“No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.”). In light of a statute of limitations created by Congress, laches does not apply to bar relief. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014). Consequently, the Court strikes the laches affirmative defense.

**F. Failure to Mitigate Damages**

Defendant asserts that Plaintiff has failed to mitigate its damages and, indeed, has “actively engaged in activity designed to encourage the sharing of its works via BitTorrent.” *See* Original Answer and Affirmative Defenses, p. 10. In this case,

Plaintiff is seeking only statutory damages. *See* Motion, p. 10. Plaintiff cites several cases holding that the pursuit of only statutory damages precludes a "failure to mitigate" defense.[1] *See id.* Defendant has filed no opposition to the Motion and, therefore, the Court grants the Motion and strikes the "failure to mitigate" as an affirmative defense.

**G. <u>Failure to State a Claim</u>**

Defendant asserts that Plaintiff failed to allege that Defendant downloaded a full copy of each of the copyrighted works and, instead, alleges only that Defendant "copied and distributed 'constituent elements' of each of the original works . . .." *See* Original Answer and Affirmative Defenses, p. 10. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Vallery v. Am. Girl, L.L.C.*, 697 F. App'x 821, 823 (5th Cir. June 29, 2017). Therefore, allegations of "copying of constituent elements" adequately pleads the second element of copyright infringement.

---

1 The district courts that have decided the issue are split. Neither party has cited any appellate court case deciding the issue, and this Court's research has revealed none.

Moreover, the Court notes that Plaintiff in this case alleges that a "full copy of each digital medial file was downloaded" and that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works . . .." *See* Amended Complaint [Doc. # 12], ¶ 20; ¶ 23. The Court strikes the sixth affirmative defense.

**H. <u>Unconstitutionally Excessive Damages</u>**

Defendant asserts summarily that the "measure of damages sought by Plaintiff is unconstitutionally excessive." *See* Original Answer and Affirmative Defenses, p. 10. Plaintiff seeks only statutory damages. A statutory damage award that is within the range established by Congress can be unconstitutional only when it is "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *See St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919); *Sony BMG Music Entm't v. Tenenbaum*, 719 F.3d 67, 70 (1st Cir. 2013). Defendant's conclusory allegation does not satisfy this standard, and the seventh affirmative defense is stricken.

**I. <u>Waiver</u>**

Defendant states that "Plaintiff's claim is barred by the doctrine of waiver." Original Answer and Affirmative Defenses, p. 11. "Although waiver itself is not a defense in a copyright infringement suit, abandonment of the copyright is an effective defense and is the particular copyright doctrine closest to waiver." *Gillani Consulting*,

*Inc. v. Ferguson Enters., Inc.*, 2010 WL 11583174, *7 (N.D. Tex. June 8, 2010) (citing *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 898 (5th Cir. 1972)). "Abandonment requires evidence of intent by the copyright holder to surrender rights in [its] work." *Id*. (citing *Lamont*, 458 F.2d at 898). "Evidence of the necessary intent to abandon must be established by an overt act that indicates the copyright owner's desire to surrender its rights." *Id*. Defendant fails to allege any overt acts by Plaintiff that indicate a desire to abandon its rights in the copyrighted works. The Motion to strike this affirmative defense is granted.

**J. Estoppel**

Defendant asserts as his last affirmative defense that "Plaintiff's claim is barred by the doctrine of estoppel." Original Answer and Affirmative Defenses, p. 11. A defendant accused of copyright infringement must allege and prove four elements to establish the affirmative defense of estoppel: "(1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003). Defendant does not allege that Plaintiff was aware of his infringing activity and engaged in conduct that induced Defendant to continue that

activity. Having failed to allege each of the four elements of estoppel, Defendant's last affirmative defense is stricken.

## IV. CONCLUSION AND ORDER

For the reasons stated herein, and absent any opposition from Defendant, it is hereby

**ORDERED** that the Motion to Strike Affirmative Defenses [Doc. # 24] is **GRANTED**.

SIGNED at Houston, Texas, this **13th** day of **August, 2019**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE