UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § § § | |
| Plaintiff, | § | |
| vs. | § § | Case. No. 4:18-cv-04425 |
| WILLIAM MARTIN | § § | |
| Defendant. | § § | |

### DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant William Martin ("Defendant" or "Martin"), and files this Response to the Show Cause Order dated October 23, 2019 [Doc. 34], and would respectfully show the Court as follows:

**I.**

1. Defendant incorporates the statements of fact made in the letter filed with the Court and served on counsel for Plaintiff on October 28, 2019 [Doc. 35] as if fully stated herein for all purposes.

2. To date, Defendant has been served with no mail, whether by First Class or Certified Mail, Return Receipt Requested, in connection with this case. Moreover, the Defendant repeatedly attempted to communicate through teleconference with counsel for the Plaintiff, but has had little to no success. Finally, Defendant has not received any electronic correspondence from the Plaintiff regarding discovery or from the Court generally. As a result, Defendant has missed several hearings and filings which have been exclusively to his detriment. Defendant has retained the undersigned as counsel in this matter and taken additional corrective steps to redress the communication gaps.

**II.**

3.   Following service of the above-styled and numbered cause on or about May 14, 2019. Defendant obtained his information regarding matters with the Court through calls with the clerk of court, having had difficulty reaching Plaintiff's counsel via telephone.

4.   Approximately two days prior to the Initial Scheduling Conference, Plaintiff's counsel contacted Defendant for the first time, via email, with a proposed joint report to satisfy Rule 26 of the Federal Rules of Civil Procedure. Defendant then requested a conference with Plaintiff's counsel regarding what Defendant perceived as preliminary discovery matters. A true and correct copy of the June 22, 2019 and June 23, 2019 correspondence between Defendant and Plaintiff's counsel is attached hereto as Exhibit A, and incorporated herein by reference for all purposes.

5.   Plaintiff attended the Initial Scheduling Conference and cooperated with setting the docket for this matter. Subsequently, Defendant followed-up on his earlier request for a discovery conference with Plaintiff's counsel. Though Defendant requested a conference, either through teleconference or in person, Plaintiff's counsel neither responded to the request nor returned Defendant's calls.

6.   Finally, on July 8, 2019, Defendant communicated with Plaintiff's counsel via email to conference on discovery, notifying counsel of (1) Defendant's attempts to reach counsel via telephone; (2) Defendant's inability to access court records through Pacer; (3) that Defendant was requesting initial dates to schedule a deposition of a designated corporate representative of Plaintiff and of its investigator "IPP"; and (4) to provide an initial list of categories of documents Defendant would seek in discovery.

7.   In response, Plaintiff's counsel did not provide any dates that Plaintiff's corporate

representatives would be available, nor did he address Plaintiff's concerns regarding discovery. Rather, Plaintiff's counsel asked Defendant to provide, "additional evidence that may exist that could exonerate [Defendant]," suggested Defendant hire an attorney, and directed Defendant to the Rules of Procedure for noticing a deposition. A true and correct copy of Defendant's July 8, 2019 correspondence and Plaintiff's counsel's July 10, 2019 response is attached hereto as Exhibit B and incorporated herein by reference for all purposes.

8. Defendant was never served—whether in conformity with the Federal Rules of Civil Procedure or otherwise—with any written discovery or motions.

9. Defendant never received notice of the Motion to Strike Affirmative Defenses [Doc. 24] filed on June 25, 2019, the day after the Scheduling Conference Defendant attended. Neither did Defendant receive a courtesy copy of the Motion to Strike Affirmative Defenses in his email. As a result, Defendant did not prepare or file a response, and his Affirmative Defenses were struck.

10. According to the letter filed by Plaintiff's counsel on October 8, 2019 [Doc. 30], Plaintiff served discovery requests, including Requests for Production, on Defendant on or about August 1, 2019. Again, Defendant never received these requests. To wit, after being retained, the undersigned contacted opposing counsel and asked if any return receipt green cards were returned signed or if counsel could confirm that the certified mail had been delivered. Counsel stated no green cards were returned signed.

11. Defendant did not receive mail correspondence, electronic correspondence, or even a voicemail from opposing counsel regarding outstanding discovery or any of the hearings set regarding Plaintiff's discovery concerns. Moreover, Defendant has no record of any email correspondence from the Court, though he has since added the clerk's email address to his safe

email list.

12.     Finally, on October 23, 2019, the Defendant received a voicemail from Plaintiff's counsel, approximately five minutes prior to the show cause hearing set for that afternoon. This was the first contact Defendant had with Plaintiff in this case since July 10, 2019.

### III.

13.     On October 25, 2019, as a result of the voicemail, Defendant interviewed the undersigned regarding retaining BEARD & BARKS PLLC to represent the Defendant in this matter. In the course of reviewing the ECF record in this case with the undersigned, Defendant learned for the first time that he had missed several court appearances; his affirmative defenses had been struck; Plaintiff had attempted to serve him with discovery; and that the October 23, 2019 Show Cause Order had issued. A notice of appearance was filed with the Court on November 4, 2019 [Doc. 37].

14.     The lack of communication by Defendant, and his failure to appear at hearings set by this Court were inadvertent. All discovery issues and concerns could have been prevented through a meet and confer teleconference. Nevertheless, Defendant has taken the step of hiring counsel; adding the clerk's email to his safe-sender email list; contacted his local post office to notify them of his issue with delivery of his mail; and directed his apartment's property management company to try to find the missing correspondence.

15.     After addressing the issue of missing mail with the post office and property management company, Defendant received the first two pieces of mail associated with this case on November 5, 2019: the Court's October 16, 2019 Order setting the show cause hearing for October 23, 2019 [Doc. 31], and the Court's October 23, 2019 Show Cause Order to which this Response is Directed.

WHEREFORE, Defendant William Martin hereby submits the foregoing Response to the October 23, 2019 Show Cause Order as required by this Court, and respectfully requests that the Court choose not to strike his pleadings, and for all other relief to which he shows himself justly entitled.

Date: November 7, 2019

Respectfully Submitted,

By: /s/Justen S. Barks
Justen S. Barks
SBN:  24087142
S. Dist. Tex. Bar No. 2295553
**BEARD & BARKS PLLC**
3000 Weslayan, Suite 335
P.O. Box 924188
Houston, Texas 77292
(832) 317-6761
jbarks@beardandbarks.com

**ATTORNEY FOR DEFENDANT
WILLIAM MARTIN**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served in accordance with the Federal Rules of civil Procedure and by electronic transmission to all registered ECF users appearing in the case on November 7, 2019, as follows

Paul S. Beik
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, Texas 77007
(713) 869-6975 (Tel.)
(713) 868-2262 (Fax)
paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF
MALIBU MEDIA LLC**

/s/ Justen S. Barks
Justen S. Barks

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BEFORE ME, the undersigned Notary Public in said County and State, on this day personally appeared WILLIAM MARTIN in the above-styled and numbered cause, and after having been duly sworn, and being under oath stated to me that he has read the above and foregoing Response to Show Cause Order, and that the statements contained therein are within his personal knowledge and are true and correct.

_____
WILLIAM MARTIN

SUBSCRIBED AND SWORN TO BEFORE ME by WILLIAM MARTIN, on the 7th day of November 2019, to certify, which witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

EDWIN ALEXIS HERNANDEZ
Notary Public, State of Texas
Comm. Expires 02-19-2022
Notary ID 131457010